# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NEILL SAMUELL, | Case No. 2:18-cv-00111-APG-DJA |
| Plaintiff, | |
| v. | **ORDER** |
| OWENS, et al., | |
| Defendants. | |

Presently before the Court is Plaintiff Neill Samuell's Motion that Defendant Accept Service (ECF No. 36), filed on December 2, 2019. He seeks an order directing the Attorney General's Office to accept service for former Nevada Department of Corrections employee Julio Corral-Lagarda. Defendant Paul Araujo, through the Nevada Attorney General's Office, filed a Response (ECF No. 45) on December 19, 2019. Araujo indicates that the Attorney General's authority to represent former State employees is limited by Nevada statute and Corral-Lagarda has not submitted a request for representation. (ECF No. 45, 2). Moreover, Araujo previously filed Corral-Lagarda's correct address under seal. (ECF No. 28). Further, the Court issued a summons utilizing the address filed under seal and delivered the appropriate paperwork to the United States Marshal for service. (ECF No. 34). It was returned unexecuted on November 15, 2019. (ECF No. 35). Plaintiff has not cited any authority for his request and the Court finds it contrary to Nevada law to force the Attorney General's Office to accept service given Corral-Lagarda's status as a former Nevada Department of Corrections employee who has not requested their representation. As a result, it will deny Plaintiff's Motion. (ECF No. 36).

This matter is also before the Court on Plaintiff's Motion to Extend Copy Work (ECF No. 38), filed on December 2, 2019. He does not identify how much he has exceeded the prior extension of his copy work limit that the Court granted nor specify how much he is requesting. Defendant Araujo filed a Response (ECF No. 44) on December 16, 2019 in which he highlights that Plaintiff has no right to free and unlimited copy work. Under NDOC Administrative

Regulation 722.01(7), copies of legal documents may be made for inmates for a nominal fee. Inmates "can only accrue a maximum of $100 debt for copy work expenses for all cases, not per case." NDOC Regulation 722.01(7)(D). However, a court may "order a prison to provide limited photocopying when it is necessary for an inmate to provide copies to the court and other parties." *Allen v. Clark Cnty. Det. Ctr.*, 2:10-CV-00857- RLH-GWF, 2011 WL 886343, *2 (D. Nev. Mar. 11, 2011). Here, the Court finds it necessary to increase the copy work limit given this case is in the discovery stage and will limit that increase to $10.00. Any future requests for an extension of his copy work limit will be strictly scrutinized to determine exactly how much Plaintiff is requesting and for what filings that are necessary to this litigation. Plaintiff is further advised to use his copying privileges sparingly, and to refrain from filing numerous and duplicative motions.

Finally, this matter is before the Court on Plaintiff's Motion for Appointment of Counsel (ECF No. 46) filed on December 27, 2019. Defendant Araujo filed a Response (ECF No. 47) on January 10, 2020. Civil litigants do not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. For example, courts have discretion, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *Ageyman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). The circumstances in which a court will make such a request, however, are exceedingly rare and require a finding of extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986). The difficulties inherent in proceeding pro se do not qualify as exceptional circumstances. *Housewright*, 900 F.2d 1332, 1335-1336 (9th Cir. 1990). Any pro se litigant "would be better served with the assistance of counsel." *Rand v. Rowland,* 113 F.3d 1520, 1525 (9th Cir. 1997) (citing *Wilborn,* 789 F.2d at 1331).

To determine whether the "exceptional circumstances" necessary for appointment of counsel are present, courts evaluate (1) the likelihood of plaintiff's success on the merits and (2) the plaintiff's ability to articulate his claim *pro se* "in light of the complexity of the legal issues involved." *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th

Cir. 1986)). Neither of these factors is dispositive and both must be viewed together. *Wilborn*, 789 F.2d at 1331. Here, the Court does not find any exceptional circumstances. Upon review of Plaintiff's Complaint, it is not clear that Plaintiff's claims are likely to succeed on the merits. Further, the claims, such as they are, are not complex. The Court will deny Plaintiff's request for appointment of counsel.

IT IS THEREFORE ORDERED that Plaintiff Neill Samuell's Motion that Defendant Accept Service (ECF No. 36) is **denied**.

IT IS FURTHER ORDERED that Plaintiff's Motion to Extend Copy Work (ECF No. 38) is **granted submit to the modification** that his limit is increased by $10.00.

IT IS FURTHER ORDERED that Plaintiff's Motion for Appointment of Counsel (ECF No. 46) is **denied**.

DATED: March 11, 2020.

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE